## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**JASON ROBERT LANGFORD SOSA,**

**Petitioner,**

**v.**                                                      **CASE NO. 25-3245-JWL**

**JESSE HOWES,**

**Respondent.**

### MEMORANDUM AND ORDER TO SHOW CAUSE

This matter is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Petitioner and Kansas state prisoner Jason Robert Langford Sosa, who has now paid the filing fee in this matter. The Court has conducted an initial review of the petition as required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. For the reasons explained below, the Court will direct Petitioner to show cause in writing why this matter should not be dismissed with prejudice because it was not timely filed.

### Background

In May 2023, Petitioner pled guilty in Wyandotte County District Court to distribution of fentanyl or possession of fentanyl with intent to distribute within 1,000 feet of a school. (Doc. 1, p. 1.) In August 2023, the state district judge sentenced Petitioner to 100 months in prison. *Id.* Petitioner did not appeal, nor has he made other attempts in state court to challenge his conviction. *Id.* at 3-4. On November 12, 2025, Petitioner filed the pro se petition for federal writ of habeas corpus pursuant to 28 U.S.C. § 2254 that began this case. (Doc. 1.)

### Standard of Review

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts

1

requires the Court to review a habeas petition upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4, 28 U.S.C.A. foll. § 2254. Because Petitioner is proceeding pro se, the Court liberally construes his filings. *See Hall v. Bellman*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the Court does not assume the role of Petitioner's advocate and it will not construct arguments for him. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

## Analysis

This action is subject to the one-year limitation period established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") in 28 U.S.C. § 2244(d). Section 2244(d)(1) provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to case on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The one-year limitation period generally runs from the date the judgment becomes "final," as provided by § 2244(d)(1)(A). *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000). Nothing in the current petition suggests that another subsection of the statute applies to control the

date on which the one-year limitation period began. The United States Supreme Court has held that direct review concludes—making a judgment "final"—when an individual has exhausted his or her opportunity for direct appeal to the state courts and his or her opportunity to request review by the United States Supreme Court. *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009).

In this matter, Petitioner's conviction came after he pled guilty to the charge. Under K.S.A. 22-3602(a), "[n]o appeal shall be taken by the defendant from a judgment of conviction before a district judge upon a plea of guilty or nolo contendere, except that jurisdictional or other grounds going to the legality of the proceedings may be raised by the defendant as provided in K.S.A. 60-1507, and amendments thereto." Thus, because Petitioner pled guilty to the charge, he could not pursue a direct appeal of his conviction. His conviction—the "judgment" being challenged in this federal habeas case—became final on August 18, 2023, when the district judge sentenced him.

The next day, which was August 19, 2023, the one-year AEDPA limitation period began to run. Under the "anniversary method" used in the Tenth Circuit, the final day for Petitioner to timely file his 28 U.S.C. § 2254 petition in this Court was August 19, 2024. *See United States v. Hurst*, 322 F.3d 1256, 1261-62 (10th Cir. 2003). But Petitioner did not file his § 2254 petition until November 2025. (Doc. 1.)

The federal habeas statute of limitations includes a tolling provision: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). But the petition filed in this case reflects that Petitioner did not file a K.S.A. 60-1507 motion or other motion seeking collateral review, so there is no reason to toll, or pause, the statute of limitations under this provision. Therefore, it appears from the information now before this Court that the last day on which Petitioner could timely file

his federal habeas petition seeking relief under 28 U.S.C. § 2254 was August 19, 2024. Because he did not file the petition until November 2025, the petition is untimely and is subject to dismissal.

**Equitable Tolling**

The federal habeas one-year limitation period is subject to equitable tolling "in rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (citation omitted). Equitable tolling is available only "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 127, 1220 (10th Cir. 2000). Circumstances that warrant equitable tolling include, "for example, when a prisoner is actually innocent, when an adversary's conduct—or other uncontrollable circumstances—prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a deficient pleading during the statutory period." *Gibson*, 232 F.3d at 808 (internal citations omitted).

Nothing in the petition now before the Court alleges circumstances that justify equitable tolling of the statute of limitations in this matter. Petitioner will be granted time, however, to show that extraordinary circumstances beyond his control prevented him from timely filing this federal habeas petition. He must also show that he was diligently pursuing his claims during the time he wishes this Court to equitably toll the federal habeas statute of limitations.

**Actual Innocence**

Additionally, an exception to the one-year time limitation exists where a petitioner adequately asserts his or her actual innocence. "[A]ctual innocence 'serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or . . . expiration of the statute of limitations.'" *Fontenot v. Crow*, 4 F.4th 982, 1030 (10th Cir. 2021) (quoting *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013)). In order to pass through the actual innocence

4

gateway, Petitioner must provide this Court with "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *See Schlup v. Delo*, 513 U.S. 298, 324 (1995). "An actual innocence claim must be based on more than the petitioner's speculations and conjectures." *Taylor v. Powell*, 7 F.4th 920, 927 (10th Cir. 2021).

To be clear, Petitioner is not required to conclusively exonerate himself in order to pass through the actual innocence gateway. But he must present the Court with new, reliable evidence— meaning reliable evidence that was not presented at his trial—and he must "demonstrate 'that more likely than not any reasonable juror would have reasonable doubt'" about Petitioner's guilt in light of the new, reliable evidence. *See Fontenot*, 4 F.4th at 1030 (quoting *House v. Bell*, 547 U.S. 518, 538, 553 (2006)). "Actual innocence means 'factual innocence not mere legal insufficiency.'" *O'Bryant v. Oklahoma*, 568 Fed. Appx. 632, 637 (10th Cir. 2014) (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). Thus, arguments regarding legal insufficiencies will not open the actual innocence gateway.

The actual innocence gateway will open only if Petitioner presents to this Court reliable evidence that was not presented at trial and which, when considered with all of the other relevant evidence makes it more likely than not that no reasonable juror would have found Petitioner guilty beyond a reasonable doubt of the crimes of which he was convicted. This is a high bar, in recognition of the Tenth Circuit's explanation that

> tenable actual-innocence gateway pleas are rare, arising only in an extraordinary case. The gateway should open only when a petition presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.

*Fontenot*, 4 F.4th at 1031 (citations and quotation marks omitted).

**Conclusion**

In summary, this matter does not appear to have been timely filed and is therefore subject to dismissal with prejudice. Therefore, the Court will direct Petitioner to show cause in writing why this matter should not be dismissed as time-barred. Petitioner may choose to argue that he is entitled to statutory tolling or equitable tolling and/or that he should be allowed to pass through the actual innocence gateway and avoid the federal habeas statute of limitations. If Petitioner successfully does so, the Court will resume the Rule 4 review and issue further orders as necessary. If Petitioner fails to timely submit a response to this order or if his response does not show entitlement to statutory tolling, equitable tolling, or the actual innocence gateway, this matter will be dismissed with prejudice as untimely without further prior notice to Petitioner.

**IT IS THEREFORE ORDERED THAT** Petitioner is granted until and including **January 5, 2026**, in which to show cause, in a written response to this order, why this matter should not be dismissed due to his failure to commence it within the one-year time limitation. The failure to timely respond to this order will result in this matter being dismissed as untimely without further prior notice to Petitioner.

**IT IS SO ORDERED.**

DATED:   This 1st day of December, 2025, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge