IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JASON ROBERT LANGFORD SOSA

                **Petitioner,**

v.                                                   CASE NO. 25-3245-JWL

JESSE HOWES,

                **Respondent.**

## MEMORANDUM AND ORDER

This matter is a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed on November 12, 2025 by Petitioner and Kansas state prisoner Jason Robert Langford Sosa. On December 1, 2025, the Court issued a memorandum and order to show cause ("MOSC") explaining that it appeared that the statute of limitations for filing the petition expired in August 2024, meaning the petition was untimely filed. (Doc. 3, p. 2-4.) The M&O set forth the standards under which equitable tolling of the statute of limitations might be available and the circumstances under which a petitioner might avoid the statute of limitations by making a colorable claim of actual innocence. *Id.* at 4-5. After noting that nothing in the petition showed that equitable tolling was warranted, the M&O gave Petitioner time to show cause in writing why this case should not be dismissed as untimely filed. *Id.* at 6.

This matter comes now before the Court on Petitioner's response to the MOSC, which he timely filed on December 22, 2025. (Doc. 4.) As explained in the MOSC, the Court liberally construes Petitioner's pro se filings. (Doc. 3, p. 2 (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).) But the Court does not assume the role of Petitioner's advocate and it will not construct arguments for him. (Doc. 3, p. 2 (citing *Garrett v. Selby Connor Maddux & Janer*, 425

1

F.3d 836, 840 (10th Cir. 2005).)

Even liberally construed, Petitioner's response to the MOSC does not dispute the Court's conclusion that absent equitable tolling, the federal habeas statute of limitations expired in August 2024, nor does the response assert that Petitioner should be allowed to invoke the actual innocence exception to the statute of limitations. (Doc. 4.) Rather, the response asserts that Petitioner should receive the benefit of equitable tolling. *Id.* at 3. As the MOSC explained:

> The federal habeas one-year limitation period is subject to equitable tolling "in rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (citation omitted). Equitable tolling is available only "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 127, 1220 (10th Cir. 2000). Circumstances that warrant equitable tolling include, "for example, when a prisoner is actually innocent, when an adversary's conduct—or other uncontrollable circumstances—prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a deficient pleading during the statutory period." *Gibson*, 232 F.3d at 808 (internal citations omitted).

(Doc. 3, p. 4.)

In his response to the MOSC, Petitioner first argues that "[f]or a significant period," he was unaware of the procedure for seeking federal habeas relief. (Doc. 4, p. 3.) He points out that limited access to legal materials and proper instructions may justify equitable tolling. *Id.* (citing *Marsh*, 223 F.3d at 1220). Next, Petitioner appears to argue that his trial counsel advised him not to appeal his conviction and/or refused to file a notice of appeal on Petitioner's behalf when Petitioner directed him to do so. (Doc. 4, p. 3-4.)

Petitioner also states that his counsel provided deficient representation "due to personal problems, surgeries, and an excessive caseload" and that counsel's efforts on Petitioner's behalf diminished after plea negotiations failed. *Id.* at 4. Thus, Petitioner contends, counsel "provided virtually no guidance regarding appellate deadlines or post-conviction remedies." *Id.* Petitioner

argues that trial counsel's refusal to file an appeal, his giving incorrect advice about Petitioner's appellate rights, and his "failure to provide basic legal information prevented Petitioner from timely seeking relief." *Id.* Petitioner also generally asserts that he was diligent in seeking federal habeas relief. *Id.* at 3, 5. Thus, he asks the Court to find that equitable tolling is appropriate in this matter and that the petition in this case may proceed on the merits. *Id.* at 5.

After careful consideration, the Court concludes that Petitioner has not demonstrated the type of extraordinary circumstances under which equitable tolling would be appropriate. First, to the extent that Petitioner seeks equitable tolling because he was unaware until recently of the procedures by which to seek federal habeas relief, it is well established that ignorance of the law is not sufficient reason for equitable tolling. *See Valenzuela v. Silversmith*, 699 F.3d 1199, 1207 (10th Cir. 2012) (citing *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000), for the statement that "[i]t is well-established that ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing").

Next, Petitioner's allegations of ineffective assistance of counsel, abandonment by counsel, or erroneous advice from counsel do not justify equitable tolling in this matter. Petitioner's references to failed plea negotiations and to counsel misinforming him about his appellate rights are confusing. It appears from the information now before this Court that Petitioner was convicted after pleading guilty. (*See* Doc. 1, p. 1 (indicating that Petitioner pled guilty).) And, as explained in the MOSC, K.S.A. 22-3602(a) provides that defendants who are convicted after pleading guilty have no right to a direct appeal, even though they may raise certain challenges to their convictions during a K.S.A. 60-1507 proceeding. (*See* Doc. 3, p. 3.) Thus, to the extent Petitioner's counsel told him he could not pursue a direct appeal, that advice appears accurate.

In any event, although professional misconduct or "egregious behavior" by an attorney

may constitute an extraordinary circumstance that warrants equitable tolling, s*ee Holland v. Florida*, 560 U.S. 631, 651 (2010), "[s]imple excusable neglect is not sufficient" to warrant equitable tolling, *see Gibson*, 232 F.3d at 808 (citation omitted). "Attorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007). Even liberally construing Petitioner's assertions regarding his counsel, the Court finds that they do not show the type of egregious behavior by an attorney that justifies equitable tolling of the federal habeas statute of limitations. *Contrast Holland*, 560 U.S. at 652 (finding equitable tolling warranted where counsel "failed to file [the] federal petition on time despite . . . many letters [from the client] that repeatedly emphasized the importance of his doing so"; counsel failed to research the required filing date despite the client letters that identified the applicable legal rules; counsel failed to inform the client in a timely manner about the resolution of his state court proceedings; and counsel "failed to communicate with his client over a period of years, despite various please from [the client] that [counsel] respond to his letters").

Finally, the Court notes that equitable tolling is available "only 'when an inmate diligently pursues his claims . . . .'" (*See* Doc. 3, p. 4 (quoting *Marsh*, 223 F.3d at 1220).) As explained in the MOSC, to show that equitable tolling is justified, Petitioner must do more than identify extraordinary circumstances beyond his control that prevented him from timely filing his federal habeas petition. (Doc. 3, p. 4.) "He must also show that he was diligently pursuing his claims during the time he wishes this Court to equitably toll the federal habeas statute of limitations." *Id*.

Petitioner twice asserts in his response that he was diligent. (Doc. 4, p. 3, 5.) But he does not support his claim of diligence with specific factual allegations. He does not identify actions he took to attempt to discover the procedures for seeking federal habeas relief, for example, nor does

4

he identify any other circumstances that reflect diligent efforts to pursue federal habeas relief between August 18, 2023—when his convictions became final—and November 12, 2025—when he filed his federal habeas petition in this Court.

In short, Petitioner has failed to demonstrate that he diligently pursued the claims he now raises in his federal habeas petition but was prevented from timely filing the petition by extraordinary circumstances beyond his control. Thus, he is not entitled to equitable tolling of the federal habeas statute of limitations. This matter must be dismissed with prejudice as time-barred. *See Haney v. Addison*, 175 F.3d 1217, 1219-21 (10th Cir. 1999) (affirming dismissal with prejudice of untimely 2254 petition); *Navarette v. Horton*, 2023 WL 1773856, *1 (10th Cir. 2023) (unpublished) (same).

## Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability (COA) upon entering a final adverse order. A COA may issue only if the petitioner made a substantial showing of the denial of a constitutional rights. 28 U.S.C. § 2253(c)(2).

> "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The failure to satisfy either prong requires the denial of a COA. *Id.* at 485. The Court concludes that the procedural ruling in this matter is not subject to debate among jurists of reason. Therefore, the Court declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED THAT** this matter is dismissed with prejudice as time-barred. No certificate of appealability will issue.

**IT IS SO ORDERED.**

DATED:   This 23rd day of December, 2025, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge
